IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

BREANNA CLAUSEN,
        Plaintiff,

v.

AMERICAN FAMILY INSURANCE COMPANY;
        Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

COMES NOW, the Plaintiff, Breanna Clausen, by and through her attorney, Daniel B. Slater, and hereby complains against Defendant, American Family Insurance Company, as follows:

1. Plaintiff Breanna Clausen, at all times relevant to this Complaint, was a resident of Fremont County, Colorado.

2. Defendant American Family Insurance Company, is a Wisconsin Insurance Company with its principal place of business in Wisconsin, doing business in the State of Colorado.  The Defendant's registered agent within the State of Colorado is The Corporation Company, 1560 Broadway, Suite 2090, Denver, Colorado 80202.

3. Jurisdiction is appropriate due to the diversity in citizenship of the parties, pursuant to 28 U.S.C. 1332.

4. Venue in this District is appropriate because the actions described herein all occurred within the State of Colorado, and the insurance contract which is the subject of this action was entered into within, and subject to the laws of, the State of Colorado.

5. On or about February 21, 2016, on State Highway 115, Plaintiff was operating her motor vehicle northbound on I-25 in north Denver / Thornton. A motor vehicle being driven by Ian Michael Augenstein was entering the highway on the onramp from Northglenn Avenue at the same time. Mr. Augenstein was operating his vehicle at a high rate of speed – approximately 95 MPH – when he struck Plaintiff's vehicle on the rear side of the vehicle.

6. As a direct and approximate result of Ian Michael Augenstein's negligence and carelessness, Plaintiff Breanna Clausen sustained severe and permanently disabling bodily injuries, including but not limited to a closed head injury, concussion, pain in her feet, headaches, knee pain, low back pain / lumbar sprain, mid-back pain, neck pain, pain in her hips, and light sensitivity, among other injuries.

7. As a direct and approximate result of Ian Michael Augenstein's negligence and carelessness, Plaintiff has been forced to incur medical bills for treatment and will continue to incur additional medical bills in the future.

8. As a direct and approximate result of Ian Michael Augenstein's negligence and carelessness, Plaintiff has sustained permanent physical impairment.

9. As a direct and approximate result of Ian Michael Augenstein's negligence and carelessness, Plaintiff has sustained and will sustain in the future loss of earnings and loss of earning capacity.

10. At the time of the collision, Ian Michael Augenstein was uninsured.

11. At all times relevant to this action, Plaintiff had an automobile liability insurance

      policy issued by the Defendant that provided uninsured motorist benefits pursuant to C.R.S. § 10-4-609 in the amount of $50,000.00.

12. Except as outlined herein, Defendant has refused to pay Plaintiff uninsured motorist benefits due under the policy Defendant issued to Plaintiff.

13. Prior to Defendant's refusal to pay Plaintiff any uninsured motorist benefits under the policy Defendant issued to Plaintiff, Plaintiff, through his attorneys, provided documentation to the Defendant that Plaintiff's economic and non-economic damages incurred as a result of the February 21, 2016 accident far exceeded $50,000.00.

14. On or about March 2, 2017, Plaintiff, through her attorneys, made a $50,000 policy limits demand for uninsured motorist benefits under Plaintiff's policy with Defendant, and provided documentation supporting this Settlement Demand.

15. Defendant tried to claim, without proper investigation or documentation, that Plaintiff's claims with it were worth no more than $9,500.00.

16. Plaintiff, through his attorneys, provided proof and documentation to the Defendant that Defendant was in error when it made the above-referenced statements.

17. Defendant eventually paid what it considered the "undisputed" amount of the claim of $927.42 in March 2017.

18. Upon further request and citation to authority showing the Defendant was in error, the Defendant finally paid an additional "undisputed" amount of the claim of $4,920.61 later in March 2017.

19. Defendant further made the payment referenced in Paragraph 18 in two checks, with

      one having the Colorado Department of Health Care Policy and Financing listed as a payee on the check.

20. As of the date of the filing of this Complaint, Defendant has not made any allowance for future lost wages and lost earning capacity, even though Plaintiff has provided documentation of the impact of these injuries.

## PLAINTIFFS' FIRST CLAIM FOR RELIEF

### (BREACH OF CONTRACT)

21. Plaintiff incorporates all previous allegations as if more fully set forth herein.

22. Plaintiff has complied with all conditions precedent to coverage under the insurance policy issued by Defendant to Plaintiff.

23. To the extent that Plaintiff has failed to comply with any of the contractual obligations, Defendant has not been prejudiced by the failure to comply.

24. To the extent that Plaintiff has failed to comply with any of the contractual obligations, Defendant may not rely on this failure to comply because it breached one or more material obligations under the policy prior to any alleged failure to comply of Plaintiff.

25. At all times relevant to this action, Defendant owed to Plaintiff the implied duty of good faith and fair dealing in the insurance contract.

26. Defendant has breached its contract with Plaintiff by denying uninsured motorist benefits due under the policy.

27. As a direct and approximate result of Defendant's breach of contract, Plaintiff has

incurred damages in the amount to be proved at the time of trial.

## PLAINTIFFS' SECOND CLAIM FOR RELIEF

### (BAD FAITH BREACH OF INSURANCE CONTRACT)

28. Plaintiff incorporates all previous allegations as if more fully set forth herein.

29. As a provider of insurance services to the public, Defendant at all times had a duty to be actuated by good faith and fair dealing in everything pertaining thereto, abstain from deceptive or misleading practices and keep, observe, and practice the principles of law and equity in all matters pertaining to the business of insurance.

30. Under Colorado law, every insurance contract contains an implied covenant of good faith and fair dealing and imposes on insurers a duty to act in good faith with their insureds. Pursuant to its implied duty of good faith and fair dealing, Defendant owed to Plaintiff an obligation to treat Plaintiff's interests with equal consideration to their own interests.

31. Defendant has breached its duty of good faith and fair dealing owed to Plaintiff, including but not limited to:

    a. Failing to give equal consideration to the interest of Plaintiff, its insured;

    b. When investigating Plaintiffs claims, failing to diligently search for evidence that supported their insured's (Plaintiff's) claims;

    c. Seeking to discover only evidence that defeated their insured's (Plaintiff's) claims;

    d. Unreasonably delaying and/or withholding benefits under the insurance policy

without a reasonable basis for delaying and/or withholding benefits, with knowledge or reckless disregard of a lack or reasonable basis for delaying and/or withholding benefits;

e. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurance policy;

f. Refusing to pay claims without conducting a reasonable investigation based upon all available information;

g. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims after its liability has become reasonably clear;

h. Compelling Plaintiff to institute litigation to recover amounts due under the insurance policy by offering substantially less than the amounts Plaintiff is entitled to recover;

i. Forcing Plaintiff into the costly and lengthy process of litigation;

j. Any further acts which may be discovered.

32. Defendant's aforesaid conduct was unreasonable and Defendant either knew such conduct was unreasonable or recklessly disregarded the fact that the conduct was unreasonable.

33. As a direct and approximate result of Defendant's breach of its duty of good faith and fair dealing, Plaintiff has sustained damages in the amount to be proved at trial.

**PLAINTIFFS' THIRD CLAIM FOR RELIEF**

**(VIOLATION OF C.R.S. § 10-3-1115(1)(A) AND C.R.S. § 10-3-1116(1))**

34. Plaintiff incorporates all previous allegations as if more fully set forth herein.

35. Defendant's denial of Plaintiff's claim for uninsured motorist benefits is unreasonable.

36. Plaintiff is a "first-party claimant" as that term is defined in C.R.S. § 10-3-1115 (1)(b).

37. Defendant is a "person engaged in the business of insurance," as that term is used in C.R.S. § 10-3-1115.

38. Pursuant to C.R.S. § 10-3-1116(1), Plaintiff is entitled to reasonable attorney's fees, court costs, and two times the covered benefit.

WHEREFORE, Plaintiff prays for judgment against Defendant on all claims in an amount to be proved at the time of trial, interest at the highest rate allowed by law, costs, expert witness fees and such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES**

DATED this 25th day of April, 2017.

                                                              /s Daniel B. Slater
                                                            Daniel B. Slater
                                                            Attorney for Plaintiff
                                                            1415 Main Street, Suite A
                                                            Cañon City, CO 81212
                                                            Tel:  719-269-3315
                                                            dan@danslaterlaw.com